259 P.2d 577

In re SANDIA CONSERVANCY DISTRICT.

CITY OF ALBUQUERQUE et al. v. MIDDLE RIO GRANDE CONSERVANCY DISTRICT et al.

No. 5645.

Supreme Court of New Mexico.

July 16, 1953.

Rehearing Denied Aug. 19, 1953.

Martin A. Threet and D. A. Macpherson, Jr., Albuquerque, for Middle Rio Grande Conservancy District.

C. Vance Mauney and Fred E. Wilson, Albuquerque, for City of Albuquerque.

A. L. Strong, Albuquerque, for County of Bernalillo.

COMPTON, Justice.

This appeal involves a further consideration of the New Mexico Conservancy Act, Ch. 45, Laws 1927, Art. 27, 1941 Comp. For a review of the cases see In re Arch Hurley Conservancy District, 52 N.M. 34,

191 P.2d 338; Middle Rio Grande Conservancy District v. Chavez, 44 N.M. 240, 101 P.2d 190; Gutierrez v. Middle Rio Grande Conservancy District, 34 N.M. 346, 282 P. 1, 70 A.L.R. 1261; Cater v. Sunshine Valley Conservancy District, 33 N.M. 583, 274 P. 52; Davy v. McNeill, 31 N.M. 7, 240 P. 482.

Pursuant to its provisions, a petition was made to the court to establish and organize a conservancy district to be known as Sandia Conservancy District, bounded on the north by Sandoval County, on the south by Valencia County, on the east by the crest of Sandia Mountains, and on the west by the Rio Grande, embracing an area of approximately thirteen miles square, excepting therefrom, however, Indian lands. A large portion of the proposed district is presently within the Middle Rio Grande Conservancy District and under its jurisdiction and control. Also, that part of the City of Albuquerque lying east of the Rio Grande, is located within the proposed district.

The petition was supported by resolutions of the City Commission of the City of Albuquerque, and the County Commission of Bernalillo County, respectively; however, it was not otherwise signed by owners of more than one-third of the real property in the proposed district, in either acreage or value, as shown by the last preceding assessment roll of Bernalillo County.

The respondents entered objections to the petition and to the establishment of the new district, and challenged the jurisdiction of the court on the grounds, (a) neither the City of Albuquerque nor Bernalillo County is vested with authority under the act to sign the petition in a representative capacity so as to bind all landowners within their respective corporate limits, (b) that the establishment of an additional district would superimpose dual and contemporaneous exercise of municipal powers, jurisdictions, and privileges, within the two districts, and (c) the court failed to determine and conclude whether the purposes of the conservancy act will best be accomplished by the organization of an additional district. From an order dismissing the protests, and declaring the district organized, respondent, Middle Rio Grande Conservancy District, appeals.

The objections will be treated in the order mentioned. The act, § 77–2705, 1941 Comp., requires that the petition be signed by owners of more than one-third of the real property in the proposed district, in either acreage or value, as shown by the last preceding tax roll of the county wherein the district is to be created, but sub-section (3) of said section plainly authorizes private corporations and governing bodies of public corporations, lying wholly or partly within the proposed district and owning lands therein, to sign such petition in a representative capacity,

416

thereby dispensing with the requirement that the petition be signed by landowners, individually. The sub-section reads:

"Such a petition may also be signed by any private corporations owning lands within the proposed district, or by the governing body of any public corporation lying wholly or partly within the proposed district, in such manner as it may prescribe, and when so signed, such petition shall fill all the requirements of representation upon such petition of the owners of land of such public corporation, *as they appear upon the tax rolls;* and thereafter it shall not be necessary for individuals within said public corporation to sign such a petition." (Emphasis ours.)

█ As previously noted, respondent contends since a portion of the proposed district is within the Middle Rio Grande Conservancy District, there is an overlapping of authority, consequently, the court lacks jurisdiction to create the new district. It must be conceded that two lawfully and fully organized public municipalities cannot have dual and coexistent jurisdictions and controls within the same territory at one and the same time. City of Galena Park v. City of Houston, Tex.Civ.App., 133 S.W. 2d 162; City of Aurora v. Aurora Sanitation Dist., 112 Colo. 406, 149 P.2d 662. But the legislature, absent constitutional restrictions, may empower two such corporations to function, for different purposes, within the same boundary at the same time. McQuillin on Municipal Corporations, 2d Ed., Revised Vol. 1, § 283, and cases cited. And there is express statutory authority for the inclusion of the same land in more than one district. § 77–3001, 1941 Comp.

"The same land may be included in more than one (1) district and be subject to the provisions of this act * * * for each and every district in which it may be included, provided that no district shall be organized in whole or in part within the territory of a district already organized, until the court having jurisdiction of the original district shall determine, upon application, whether the purposes of this act will best be accomplished by the organization of an additional district, or whether the conditions demand that the territory proposed to be organized into an additional district shall be organized as part of the existing district. * * *"

█ But the Middle Rio Grande Conservancy District insists that the purposes of the two districts are the same. Generally, this may be regarded as true, however, there exist vast differences in their primary purposes, and this difference is decisive. The Middle Rio Grande Conservancy District was organized, primarily, for irrigation, reclamation, and to afford

protection from floods originating from the flow of the Rio Grande. Whereas, the primary purpose of the proposed district is protection from flash floods originating in the watersheds between the Sandia Mountains and the Rio Grande. Within the proposed district, there are at least three separate watersheds which carry flood waters from the Sandia Mountains, namely, Bear Canyon, Embudo Canyon, and Tijeras Canyon. Campus Boulevard Arroyo also carries flood waters off the East Mesa area of the city to the Rio Grande. In the past flash floods originating in these areas have descended upon the city and country side with devastating effect. Property damage caused thereby has been great and life itself continuously threatened. Inhabitants of the low elevation live in constant fear of impending disaster, and quite properly so. Notwithstanding, the existing district has made no plans, nor is any plan contemplated by it for the protection of the lives and property of the proposed district against such threatened danger. Its announced purpose is not to formulate any such plan. These facts amply warrant a finding that a new district should be established for the protection of public and private property from damages resulting from flash floods. Indeed, the creation of Sandia Conservancy District is warranted, its purposes being conducive to public health, safety, convenience, and welfare. § 77-2701, 1941 Comp.

Respondent strongly argues that since both districts have the same general powers, conflicts in the exercise of those powers will result. Conflicts may follow, nevertheless, judicial tribunals are not concerned with the policy of legislation. It is sufficient to say the court having control of both districts will determine this and like questions in a proper case.

The point is made that the trial court lacked jurisdiction to entertain the petition since the court having jurisdiction of the Middle Rio Grande Conservancy District, failed to determine whether the purposes of the act will best be accomplished by the organization of an additional district, as required by § 77-3001, 1941 Comp. It is obvious the question was determined. The petition was filed with the conservancy court and it specifically alleges the property of the proposed district will be benefited by the accomplishment of any one of the following purposes:

"(a) Preventing floods,

"(b) Regulating stream channels by changing, widening, or deepening the same,

"(c) Regulating the flow of streams,

"(d) Diverting, controlling, or in whole or part eliminating water courses,

"(e) Reclaiming, draining, or filling wet and overflowed lands,

"(f) Providing for irrigation where it may be needed, and otherwise benefitting and developing agricultural lands, or lands susceptible of irrigation or agricultural developments.

"(g) Protecting public and private property from inundation,

"(h) Providing for and constructing works and facilities for the protection of public and private property and the individual inhabitants of the area included within the boundaries of the proposed district from damage caused by flash floods, and by the waters which fall, flow or drain on the Rio Grande watershed east of the Rio Grande and west of the Sandia Mountains."

At the conclusion of the hearing, the conservancy court found the allegation of the petition to be true, as alleged. This finding conforms to suggested statutory formula. § 77-3024, 1941 Comp., and is sufficient. Essentially, the finding thus made is a determination that the purposes of the act warranted the creation of an additional district.

The judgment will be affirmed, and It Is So Ordered.

SADLER, C. J., and LUJAN and SEYMOUR, JJ., concur.

McGHEE, J., not participating.